OVERSEERS OF BLOOMFIELD *v.* OVERSEERS OF ACQUACKA-
NUNCK.

CERTIORARI.

A service for one year under a *voidable* indenture of apprenticeship, is
sufficient to gain a settlement, although the indenture should afterwards,
and previous to the completion of the term of service mentioned therein, be
avoided by the apprentice.

*Dodd and Frelinghuysen,* for Bloomfield.

*Dickerson and Hornblower,* for Acquackanunck.

The opinion of the Court was delivered by

EWING, C. J. By an order of two Justices of the Peace,
Halmagh Everson, a pauper, was removed from the town-
ship of Acquackanunck to the township of Bloomfield, in
the county of Essex. Bloomfield appealed. The order was
affirmed in the sessions, and both orders, with a state of the
case, are now brought here on certiorari.

The pauper was born in Acquackanunck, and in the year
1812 was bound as an apprentice by indenture to Israel
Crane and Daniel D. Beach, of the township of Bloomfield,
to serve until he should arrive at the age of twenty-one
years. The age of the apprentice was not inserted in the
indenture, which in other respects was regular and formal.
The pauper served his masters in the township of Bloom-
field until October, 1818, when he made complaint of mis-
usage to a Justice of the Peace of the county, before whom,
with the apprentice, one of the masters attended, and the
justice, not being able to compound the matter, called to his
assistance, agreeably to the statute, two other justices, who
being met, the pauper, but neither of the masters, appeared

before them. One of the justices having examined the indenture, informed the pauper that his master could not hold him as an apprentice, because his age was not inserted in the indenture. No other proceeding was had before the justices. The pauper did not return to his masters or serve them any longer, and destroyed his indenture, three years of the term of service mentioned in it being then unexpired.

On the part of Bloomfield, seeking here to quash the orders of the justices and the sessions, it is contended that the pauper did not obtain a settlement in that township by service of six years and upwards as an apprentice under the said indenture, because the indenture was voidable, the age of the apprentice not being inserted, and because under a voidable indenture, if at any time during the period of service intended by it, although after a service under it for one year and upwards, it should be avoided, no settlement has been gained.

It is agreed on both sides, and rightly, that this indenture was voidable, not void. It is also agreed that the service under a voidable indenture during the term mentioned in it, if forty days in England, or one year in New Jersey, will give a settlement. The first question then to be examined, in order to arrive at a correct result in the present case is, whether a service for less than the whole period though more than forty days in England, or one year in New Jersey, will give a settlement.

The cases read by the counsel of Bloomfield do not prove the negative of this question. In *Rex* v. *St. Nicholas in Ipswich, Burr. Sett. cases* 91, the sole question was, whether the indenture being for a less time than seven years was void or voidable, it being undisputed that in the former case there was not, and in the latter there was, a settlement. But the point before us was not and could not have been raised, for there the service and inhabitancy were for the whole time, the four years, mentioned in the indenture. When *Lord Hardwicke*, speaking of the indenture, re-

marks : " It has had its effect between the parties. Neither of them has thought fit to take advantage of any defect in it." He does not mean to say there would have been no settlement if advantage had been taken of the defect after forty days, but to expose the unreasonableness of an attempt on the part of the parish which had the benefit of the apprentice's service to defeat the settlement. So in *Hudson* v. *Taghkanac.* 13 *John.* 248, the full and entire service was rendered according to the indenture. In the case of *Reading* v. *Gumree,* 5 *Binney* 82, the service was performed during the whole term mentioned in the indenture, the greater part under a voidable assignment, which, when both parties had chosen to abide by it, *Chief Justice Tilghman* considered a good assignment for the purpose of gaining a settlement—but he uses no expression indicating an opinion that the whole term of service was necessary to be performed. Judge Yates plainly declares the contrary. He says : " At all events I think the defect of an assignment before a Justice of the Peace cannot be taken advantage of by that borough on a question of settlement. The present indenture was executed before the Register of German passengers, and its validity cannot be questioned. The servant having served under it twelve months gained thereby a settlement." Now the period of twelve months of which he speaks, was not the term contained in the indenture, but the period of service required by their statute to give a settlement. In the case of *Hopewell* v. *Amwell,* in this court, 1 *Halsted,* 169, the present question was not raised. An instrument of writing in the form of an indenture, but without seal of wax or wafer, was held not to be an indenture of apprenticeship within the meaning of our statute, and, of course, no settlement was gained by a service under it.

These are the cases cited on the argument by the counsel of Bloomfield. On the other hand there are cases in the English books, which shew that the whole period of service is not required to be performed.

In *The King* v. *St. Petrox, Burr. Sett. cases,* 248. 1 *Wils.*
96, a settlement was gained under a voidable indenture
though the whole period of service was not accomplished.
In the case of *The King* v. *St. Petrox in Dartmouth,* 4 *T.
R.* 196, the pauper had been bound apprentice to one
*Richard Hayne,* an infant, until he should attain the age of
twenty-one years, and served in the Parish of Slapton, until
he became twenty years old. The indenture was deemed
voidable from the infancy of the master, but a settlement
was gained in Slapton, although the whole period mentioned
in the indenture was not served. In the case of *The King*
v. *Gainsborough. Burr. Sett. cases,* 586, the pauper was
bound as an apprentice to a mariner to learn his art, and
serve him for four years—and by indenture not enrolled.
He served during three years and three months, mostly on
board at sea, but inhabited in West Stockwith the first four-
teen days or upwards, and so many days afterwards, at
different times, as with the said 14 days amounted to
upwards of 40 days, and in no other parish for 40 days
during the said term. He and his master parted by con-
sent, and he was held to have obtained a settlement in West
Stockwith, though under a voidable indenture and with an
inhabitancy of somewhat more than 40 days. In the case
of *The King* v. *East Bridgeford, Burr. Sett. cases,* 133, 2
*Str.* 1115, a settlement was adjudged by inhabitancy under
a voidable assignment of an indenture of apprenticeship. It
is true, the service and inhabitancy were for the remainder
of the term. But the court say, "this was a good settle-
ment in East Bridgeford, where the apprentice lived *above*
40 *days* with Baggaley." And "they observed that an
assignment of an apprentice is not considered as a strictly
legal transaction, because the person of a man is not strictly
and legally assignable, but it has been an equitable construc-
tion that where an apprentice has lived *forty days* under an
assignment, he shall thereby gain a settlement, because of
the consent." In *The King* v. *Stockland, Cald.* 60, *Lord*

*Mansfield* says : "Though an apprentice is not strictly assignable, and cannot be transmitted to executors, yet if after the death of his master he continues with the executor in the character of an apprentice, and afterwards goes to live with another person in another parish, this must be taken as a continuation of the service under the original indentures, and gives a settlement by a residence of 40 .days."

These cases fully prove that the service of the whole term under a voidable indenture is not required. And sound reasoning leads to the same result. A voidable indenture is valid, subsisting and operative until it be avoided by those who have power over it. Of that opinion was this court in the case of *Hopewell* v. *Amwell,* already cited. "For though the indentures were voidable," says Chief Justice Kirkpatrick, "yet they were not void, but subsisting indentures, until avoided by the parties." A feme covert may purchase lands without the consent of her husband, and the conveyance is good during the coverture, until he avoids it by some act declaring his dissent, *Co. Lit.* 3 *a.* Of a voidable act a stranger may not take advantage, 5 *Bac. abr. tit.* void and voidable, *F.* 1. A voidable indenture may be .avoided by the master or servant who were parties to it, but not by the parish, *Burr. Sett. cases,* 97. Service for forty days under an indenture of apprenticeship gives in England a settlement in the parish where the apprentice resides, 3 *Burn. Just.* 377. From these principles it clearly follows, that the voidable indenture operating, so far as the parish is concerned, precisely like a perfect instrument during the forty days, a settlement is thus gained, and whether the residue of the term be served or not is wholly unimportant.

Let us now examine our statute for the settlement of the poor. *Rev. Laws* 35, *Sec.* 1. Every person who shall have served an apprenticeship under indenture, shall obtain a legal settlement in the township in which such apprentice

21

shall first serve with his or her master, or mistress, for the space of one year;—and if afterwards, such apprentice shall duly serve in any other place for the space of one full year, such apprentice shall obtain a legal settlement in the township where such apprenticeship was last performed. By the just, sound and uniform construction of this statute, to serve as an apprentice under an indenture for one full year in a township gives a settlement. The construction claimed by the counsel of Bloomfield, that the indenture must operate during the whole period contemplated in it, that such period must be fulfilled, is incorrect and cannot be sustained. Can it be possible the Legislature would have required the whole period, perhaps of 6 or 7 or 8 years, to be served in order to give efficacy to a service for one year? Can the construction be sound which would defeat a settlement after 5 or 6 years' service, under a perfect indenture, for to such as well as to those voidable the rule must extend, because shortly before the completion of the term, the apprenticeship was dissolved by the death of the master, the consent of the parties, a discharge for misusage or by some other legal cause. The argument rests on a misconception of the word, apprenticeship. "Served an apprenticeship under indenture"— which does not here signify the whole period specified in the instrument, as is irresistibly shewn—and proved to embrace one year only—by the subsequent clause, "if afterwards such apprentice shall duly serve in any other place for the space of one full year, such apprentice shall obtain a legal settlement in the township where *such apprenticeship* was *last* performed."

It remains to inquire into the effect of the avoidance of the indenture by the pauper after the year's service. Such act does not render the instrument void *ab initio*. As already shewn it is a subsisting indenture until avoided. By the service for a year the settlement became fixed. That could not be affected by the subsequent destruction of the indenture. It was operative until, accompanied by the service, a

settlement was gained. The rights of others besides the parties to the instrument, of the township where the pauper had been previously settled, became involved. Over these the pauper, who is considered indifferent in questions of settlement, could exercise no control. The avoidance of the indenture did not therefore by retroaction wipe away the effect produced while a subsisting instrument.

The grounds assumed by the counsel of Bloomfield are not tenable—the last legal settlement of the pauper is in that township. The orders of the justices and of the sessions should therefore be affirmed.